IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUSDAEL RAMIREZ MENESES, an individual, JOSE GAYTAN RAMIREZ, an individual, and CESAR PALMERIN RODRIGUEZ, an individual, and all other Plaintiffs similarly situated, known and unknown,<br><br>       Plaintiffs,<br><br>  v.<br><br>ROMEOVILLE BEEF, LLC, an Illinois limited liability company, MICHAEL MOTTO, an individual, MATTHEW MOTTO, an individual, and LAURA J. HOOTEN, an individual,<br><br>       Defendants. | Case No.1:22-cv-2217 |

**COLLECTIVE ACTION COMPLAINT**

  The Plaintiffs, Rusdael Ramirez Meneses, Jose Gaytan Rodriguez and Cesar Palmerin Rodriguez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Romeoville Beef, LLC, Michael Motto, Matthew Motto and Laura J. Hooten (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

  1.  This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., for Defendants' failure to pay Plaintiffs, and other similarly situated employees, overtime compensation for hours worked over forty (40) in a workweek. Plaintiffs, and other similarly situated employees, are current and former cooks, food preparers and cleaners at Defendants' Pop's Italian Beef & Sausage restaurant business.

1

2. Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties in this collective action are attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Rusdael Ramirez Meneses ("Ramirez") is a former employee of Defendants' Pop's Italian Beef & Sausage restaurant business located at 277 S. Weber Road in Romeoville, Illinois ("Pop's restaurant"). Plaintiff Ramirez worked as a cook, food preparer, and cleaner at Defendants' Pop's restaurant from January, 2022 through March 26, 2022.

6. Plaintiff Jose Gaytan Rodriguez ("Gaytan") is a former employee of Defendants' Pop's restaurant business located on South Weber Road in Romeoville, Illinois. Plaintiff Gaytan worked as a cook, food preparer, and cleaner at Defendants' Pop's restaurant from approximately November, 2016 through August, 2020 and from December, 2020 through February 5, 2022.

7. Plaintiff, Cesar Palmerin Rodriguez ("Palmerin"), is also former employee of Defendants' Pop's restaurant business located on South Weber Road in Romeoville, Illinois. Plaintiff Palmerin worked as a cook, food preparer, and cleaner at Defendants' Pop's restaurant

for approximately four months in 2017, and then from approximately August, 2019 through December, 2019 and December, 2021 through February 13, 2022.

8. During the course of their employment, Plaintiffs regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

9. Plaintiffs reside in and are domiciled in this judicial district.

10. Defendant Romeoville Beef, LLC is an Illinois limited liability company that operates the Pop's restaurant located on South Weber Road in Romeoville, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

11. Upon information and belief, Defendants have earned more than $500,000.00 in annual gross revenue during 2019, 2020, 2021 and 2022.

12. Defendant Romeoville Beef, LLC is registered in Illinois as a limited liability company and its managers, registered agent and registered office are located within this judicial district.

13. Defendants Michael Motto and Matthew Motto ("Motto Defendants") are managers of Romeoville Beef, LLC and they are the owners of Defendants' Pop's restaurant located in Romeoville, Illinois

14. Defendant Laura J. Hooten ("Hooten") is the general manager of Defendants' Pop's restaurant located in Romeoville, Illinois.

15. At all times relevant to this action, the Motto Defendants and Defendant Hooten possessed extensive oversight over the Defendants' Pop's restaurant and business operations. The Motto Defendants and Defendant Hooten were the ultimate decision-makers with respect to

Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

16. The Motto Defendants and Defendant Hooten reside in and are domiciled within this District.

**COMMON ALLEGATIONS**

17. During the period from January, 2022 through March 26, 2022, Plaintiff Ramirez typically worked seven (7) days each week at Defendants' Pop's restaurant including Monday through Friday from 8:00 a.m. to approximately 8:30 p.m. and Friday and Saturday from 7:00 a.m. to approximately 8:30 p.m.

18. Based on his schedule, Plaintiff Ramirez regularly worked over eighty (80) hours in individual workweeks from January, 2022 through March 26, 2022.

19. Defendants paid Plaintiff Ramirez on an hourly basis at the rate of $15.00 for his first two weeks of work, and $16.00 per hour thereafter.

20. However, Defendants imposed a dual wage payment scheme on Plaintiff Ramirez whereby Defendants paid only a portion of Plaintiff's work hours, typically approximately forty (40) hours each week, with a payroll check which reflected a false lower hourly rate. Defendants paid the remainder of Plaintiff Ramirez's hours with unreported cash "under the table" at his straight-time hourly rate of pay.

21. During the period from at least May, 2019 through approximately March, 2020 and from approximately December, 2020 through early February, 2022, Plaintiff Gaytan typically worked six days each week at Defendants' Pop's restaurant including Monday and Thursday from 9:00 a.m. to 8:30 p.m., and Wednesday and Friday through Sunday from 7:00

4

a.m. to 8:30 p.m. Plaintiff Gaytan would also frequently work on Tuesday from 9:00 a.m. to 8:30 p.m.

22. During the period from approximately late March, 2020 though July, 2020 Plaintiff Gaytan typically worked six (6) days each week including Wednesday through Monday from 7:00 a.m. or 9:00 a.m. to 3:00 p.m.

23. Based on his schedules, Plaintiff Gaytan regularly worked not less than seventy-seven (77) hours and frequently eighty-eight (88) hours in individual workweeks from at least May, 2019 through approximately March, 2020 and from approximately December, 2020 through early February, 2022; and, forty-five (45) to forty-eight (48) hours in individual workweeks from approximately late March, 2020 through July, 2020.

24. Defendants paid Plaintiff Gaytan on an hourly basis at the rate of $14.00 per hour in 2019 and 2020, $15.00 and $16.00 per hour in 2021, and $17.00 per hour in 2022.

25. However, Defendants imposed a dual wage payment scheme on Plaintiff Gaytan whereby Defendants paid only a portion of Plaintiff's work hours, typically approximately forty (40) hours each week, with a payroll check which reflected a false lower hourly rate. Defendants paid the remainder of Plaintiff Gaytan's hours with unreported cash "under the table" at his straight-time hourly rate of pay.

26. During the period from approximately August, 2019 through December, 2019 Plaintiff Palmerin typically worked six (6) days each week including Wednesday through Monday from approximately 10:00 a.m. to 9:00 p.m.. Plaintiff Palmerin typically did not work on Tuesday. During the period from December, 2021 through February 13, 2022, Plaintiff Palmerin worked approximately one-half day less.

27. Based on his schedules, Plaintiff Palmerin regularly worked not less than sixty-six (66) hours in individual workweeks from August, 2019 through December, 2019; and not less than sixty (60) hours in individual workweeks from December, 2021 through February 13, 2022.

28. Defendants paid Plaintiff Palmerin on an hourly basis at the rate of $13.00 per hour in 2019 and $15.00 per hour in 2021 and 2022.

29. However, Defendants imposed a dual wage payment scheme on Plaintiff Palmerin whereby Defendants paid only a portion of Plaintiff's work hours, typically approximately forty (40) hours each week, with a payroll check which reflected a false lower hourly rate. Defendants paid the remainder of Plaintiff Palmerin's hours with unreported cash "under the table" at his straight-time hourly rate of pay.

30. Defendants did not compensate Plaintiffs, and other non-exempt cooks, food preparers, and cleaners at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

31. Defendants paid Plaintiffs' overtime compensable hours at their straight-time hourly rates of pay.

32. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code § 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former cooks, food preparers, cleaners and kitchen staff who worked for Defendants during the last three years before the filing of this suit.

34. During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former cooks, food preparers, cleaners and kitchen staff have had substantially similar job descriptions, job requirements and pay rates.

35. Plaintiffs and other similarly situated current and former cooks, food preparers, cleaners and kitchen staff, worked more than forty (40) hours in individual workweeks and received no overtime premium for hours worked in excess of 40 in a workweek due to Defendants' unlawful wage payment scheme.

36. Plaintiffs and the other similarly situated cooks, food preparers, cleaners and kitchen staff were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay an overtime premium for hours worked in excess of forty in individual workweeks.

37. Defendants at all times failed to pay Plaintiffs, and other similarly situated cooks, food preparers, cleaners and kitchen staff overtime compensation including at a rate of one and one-half times their regular hourly rates of pay, when they worked more than forty (40) hours in an individual work week.

38. Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

39. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

40. There are numerous similarly situated current and former cooks, food preparers, cleaners and kitchen staff who worked for Defendants' Pop's restaurant and who would benefit

from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

41. The similarly situated current and former cooks, food preparers, cleaners and kitchen staff are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

42. Plaintiffs hereby incorporate paragraphs 1 through 41 as though stated herein.

43. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

44. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

45. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

46. Defendant Romeoville Beef, LLC is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

47. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and the other non-exempt cooks, food preparers, cleaners and kitchen staff worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

48. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

49. Defendants' violation of the Fair Labor Standards Act by refusing to pay overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs and other cooks, food preparers, cleaners and kitchen staff, were scheduled to work and regularly did work more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying for only a portion of their employees' hours by payroll check, typically about forty (40) hours per week, falsely included a lower hourly rate on their pay stubs, and paid the remainder of their employees' hours including overtime compensable hours "under the table" with cash at their straight-time hourly rates. In a further attempt to conceal their overtime violations, Defendants utilized a time-keeping scheme whereby Plaintiffs and other non-exempt hourly workers were required to use two time cards each week, one that included all hours worked and one that included only hours to be paid by payroll check. Additionally, Defendants did not report their cash wage payments to federal and state tax and revenue agencies, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Rusdael Ramirez Meneses, Jose Gaytan Rodriguez and Cesar Palmerin Rodriguez, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Romeoville Beef, LLC, Michael Motto, Matthew Motto and Laura J. Hooten, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

50. Plaintiffs hereby incorporate paragraphs 1 through 32 as though stated herein.

51. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

52. Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

53. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

54. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

55. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Rusdael Ramirez Meneses, Jose Gaytan Rodriguez and Cesar Palmerin Rodriguez, pray for a judgment against Defendants, Romeoville Beef, LLC, Michael Motto, Matthew Motto and Laura J. Hooten, as follows:

   A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

   B. Statutory damages in the amount of three times the amount of unpaid overtime;

   C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

   D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  E. Such other and further relief as this Court deems appropriate and just.

Dated: April 28, 2022

Respectfully submitted,

Rusdael Ramirez Meneses,
Jose Gaytan Rodriguez, and
Cesar Palmerin Rodriguez, on behalf of themselves and all other Plaintiffs similarly situated, known and known,
Plaintiffs,

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiffs

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

11