**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RUSDAEL RAMIREZ MENESES, an individual, )<br>JOSE GAYTAN RAMIREZ, an individual )<br>CESAR PALMERIN RODRIGUEZ, an individual, )<br>and all other Plaintiffs similarly situated, known )<br>and unknown, )<br>                Plaintiffs, )<br>                              )<br>              v.                )<br>                              )<br>ROMEOVILLE BEEF, LLC, an Illinois limited )<br>liability company, MICHAEL MOTTO, an )<br>individual, MATTHEW MOTTO, an individual, )<br>and LAURA J. HOOTEN, an individual, )<br>                              )<br>                Defendants. ) | Case No.: 1:22-cv-2217<br><br>Hon. Steven C. Seeger |

**JOINT MOTION FOR COURT APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL OF PLAINTIFFS' COMPLAINT**

Plaintiffs Rusdael Ramirez Meneses, Jose Gaytan Ramirez, and Cesar Palmerin Rodriguez, and opt-in Plaintiff Hector Calixto Nunez ("Plaintiffs"), by and through their undersigned attorney, and Defendants Romeoville Beef, LLC, Michael Motto, Matthew Motto, and Laura J. Hooten (collectively, "Defendants") by and through their undersigned attorneys, hereby move the Court to approve the Parties' Settlement Agreement and General Release. In support of their motion, the Parties state the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2022, Plaintiffs filed a Collective Action Complaint against Defendants, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") by failing to pay overtime premium compensation for hours worked over forty (40) in a workweek to Plaintiffs during the various periods of their respective

employment with Romeoville Beef, LLC. Plaintiffs Rusdael Ramirez Meneses, Jose Gaytan Ramirez, and Cesar Palmerin Rodriguez opted-in to the lawsuit as named Plaintiffs at the time of filing their Complaint. Plaintiff Hector Calixto Nunez subsequently opted-into this Lawsuit on or about May 19, 2022. (ECF No. 9.) Defendants Romeoville Beef and Laura Hooten denied Plaintiffs' allegations and denied that Plaintiffs' compensation was violative of the FLSA or the IMWL and filed various affirmative defenses thereto. (ECF Nos. 9-10.) Although the individual Motto Defendants' answer or responsive pleading were not yet due at the time of filing the instant motion, the Motto Defendants also deny Plaintiffs' allegations and deny that Plaintiffs' compensation was violative of the FLSA or the IMWL.

The Parties engaged in settlement negotiations between May 17, 2022, and June 17, 2022. An agreement was reached with respect to settlement on June 17, 2022. The Parties have drafted and executed a settlement agreement and general release (the "Settlement Agreement"). A copy of the Settlement Agreement is attached hereto as **Exhibit A.** At the time of entry into this Agreement, there is no pending motion for collective certification. Plaintiffs do not allege any Federal Rule of Civil Procedure Rule 23 claims. Plaintiffs proceed in their individual capacity, as party plaintiffs—both the three named Plaintiffs and the opt-in Plaintiff.

Under the terms of the Settlement Agreement, Plaintiffs are receiving a total gross settlement payment of $127,670.50, as allocated in Section 1 of Exhibit A, inclusive of attorneys' fees and costs. Based on Plaintiffs' Counsel's calculations, the net settlement payment to each Plaintiff represents approximately 1.5 times the amount of back wages Plaintiffs allege they are owed (thus, inclusive of back wages and a portion for liquidated damages). In exchange for the settlement payment, as set forth the Agreement, Plaintiffs agree to seek dismissal of this action in full, initially without prejudice and converting to a dismissal

with prejudice 28 days later, without fees or costs to either party—except as specifically negotiated with regard to attorneys' fees and costs—and, agree to a general release of all claims they have, had, or may have against Defendants (including any wage and hour claims pursuant to the FLSA and IMWL) relating back to the full extent of the applicable statute of limitations and continuing through the entry of final judgment in this matter.

As discussed in more detail below, the Parties respectfully request that the Court approve this Settlement Agreement. The Parties submit a proposed order granting this motion to the Court's chambers electronically pursuant to the Court's standing order on proposed orders.

## DISCUSSION

### I. THE COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT.

When an employee brings an action against his or her employer under the Fair Labor Standards Act, a wholly private settlement between the parties will be unenforceable. *See e.g. Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 306 (7th Cir. 1986); *see also Salcedo v. D'Arcy Buick GMC, Inc.,* 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016) ("settlement of claims for back wages under the FLSA require approval from the Department of Labor or from a district court"). "Specifically, the Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Butler v. Am. Cable & Tel., LLC,* No. 09 CV 5336, 2011 WL 4729789, at *9 n.9 (N.D. Ill. Oct. 6, 2011). Thus, the Parties seek this Court's approval of their Settlement Agreement for purposes of rendering the Settlement Agreement binding on the parties and, specifically, enforcing each Plaintiff's release of claims, including under the Fair Labor Standards Act and Illinois Minimum Wage Law. *See Chen v. Genesco, Inc.*, Case No. 1:18-cv-00690-SEB-TAB, 2020 WL 360517, at *3 (S.D. Ind. Jan. 22, 2020) ("FLSA . . . settlement agreements require judicial approval. Normally, a

settlement is approved where it is the result of contentious arm's length negotiations, which were undertaken in good faith by counsel [] and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.") (internal quotations omitted).

The Parties agree that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute as to the amount of compensation allegedly owed to Plaintiffs under the FLSA and IMWL.

The settlement reached by the Parties is the result of investigation and negotiations between the parties to resolve this matter. The settlement was negotiated at arm's length by experienced counsel.

Importantly, without settlement, this case is likely to last significantly longer than the approximately two months it has lasted, costing the parties significant expense. The Parties wish to resolve the case at an early stage in the litigation to avoid unnecessary litigation expenses. Finally, Plaintiffs are receiving a settlement payment equal to or better than the amount of damages they might be able to obtain if the case did not settle. Accordingly, the Court should approve the Settlement Agreement.

## II. THE COURT SHOULD APPROVE PLAINTIFFS' ATTORNEYS' FEES AND COSTS.

The Parties also request that the Court approve the attorneys' fees and costs requested by counsel for Plaintiffs as part of the settlement. These fees and costs should be approved because counsel for Plaintiff: (1) investigated Plaintiffs' claims; (2) expended time preparing the Complaint; and (3) negotiated the Settlement Agreement on behalf of Plaintiffs, ultimately resulting in a recovery for Plaintiffs that was more than the amount of back wages to which Plaintiff would have otherwise been paid. Therefore, the attorneys' fees and costs sought by

counsel are justified. *See, e.g., Zolkos v. Scriptfleet, Inc.,* No. 12 CV 8230, 2015 WL 4275540, at *3 (N.D. Ill. July 13, 2015) (discussing factors to consider when analyzing award of attorneys' fees and costs in FLSA collective action settlement).

WHEREFORE, Plaintiffs Rusdael Ramirez Meneses, Jose Gaytan Ramirez, Cesar Palmerin Rodriguez, and Hector Calixto Nunez and Defendants Romeoville Beef, LLC, Michael Motto, Matthew Motto, and Laura J. Hooten, hereby request that this Court enter on Order granting their Motion for Approval and approving the Parties' Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute; finding it binding on all parties, including the releases set forth therein; and dismissing Plaintiffs' Collective Action Complaint without prejudice, which will convert to a dismissal with prejudice after 28 days if no motion is otherwise filed. The parties submit a proposed order to Court's proposed order email for the Court's review.

Dated: June 23, 2022                Respectfully submitted,

By: __/s/Tim Nolan_____            By: ____/s/Stephanie Dinkel__

Plaintiffs' Attorney                       Defendants' Attorney
Tim M. Nolan                               Stephanie M. Dinkel
Nolan Law Office                           Koehler Dinkel LLC
53 W. Jackson Blvd., Suite 1137            900 S. Frontage Rd., Suite 300
Chicago, Illinois 60604-3207               Woodridge, Illinois 60517
Phone: (312) 322-1100                      Phone: (630) 505-9939
Email: tnolan@nolanwagelaw.com             Email: sdinkel@kdllclaw.com