EXHIBIT A

# EXHIBIT A

EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is entered into by and among Rusdael Ramirez Meneses, an individual residing in Joliet, Illinois; Jose Gaytan Ramirez, an individual residing in Aurora, Illinois; Cesar Palmerin Rodriguez, an individual residing in Joliet, Illinois; and Hector Calixto Nunez, an individual residing in Bolingbrook, Illinois; together ("Former Employees" or "Plaintiffs"), and Romeoville Beef, LLC, an Illinois limited liability company; Michael Motto, an individual residing in Mokena, Illinois; Matthew Motto, an individual residing in Orland Park, Illinois; and Laura Hooten, an individual residing in Orland Park, Illinois; together ("Defendants"), and collectively, referred to as "the Parties".

## RECITALS

**WHEREAS**, Rusdael Ramierz Meneses, Jose Gaytan Ramirez, and Cesar Palmerin Rodriquez filed an action captioned <u>Rusdael Ramirez Meneses, et al. v. Romeoville Beef, LLC, et al.</u>, Case No. 22-cv-2217, currently pending in the United States District Court for the Northern District of Illinois, asserting claims for violations of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL") (hereafter "the Litigation"). These three plaintiffs filed opt-in consent forms at the time of filing the Litigation. Hector Calixto Nunez filed an opt-in consent form to join the Litigation on or about May 19, 2022;

**WHEREAS**, to avoid incurring further burdens, expenses, and costs of the Litigation, and without Defendants admitting to any liability, the purpose of this Agreement is to amicably settle fully and finally the Litigation and the claims pled therein, and those claims that could have been so asserted under the FLSA or IMWL, which might be brought pursuant to the facts alleged in the Litigation or related to the facts alleged in the Litigation by Plaintiffs;

**WHEREAS**, entry into this Agreement by Defendants is not considered an admission of liability on their part. Defendants deny the allegations asserted against them in the Litigation; deny that they violated any federal, state or local law including but not limited to the FLSA and the IMWL; and deny that they are liable or owe unpaid wages and/or damages to Plaintiffs (or anyone else) with respect to the alleged facts or causes of action asserted at any time in the Litigation; nonetheless, without admitting or conceding any liability or damages whatsoever, as a business decision to avoid the fees and costs involved in further litigation, Defendants agree to settle the Litigation on the terms and conditions set forth in this Agreement; and

**WHEREAS**, Plaintiffs' Counsel (Nolan Law Office) among other things, analyzed and evaluated the merits of the claims made against Defendants in the Litigation; conducted interviews with individuals including the named plaintiffs and the opt-in plaintiff; and, based upon Plaintiffs' Counsel's analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery or might result in a less favorable recovery, and that any potential recovery would not occur for several years, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of Plaintiffs.

**WHEREAS**, the Parties have agreed to fully and finally settle, compromise and resolve all issues between them including but not limited to all issues arising out of or in connection with the Litigation;

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated herein, as well as the good and valuable consideration and for the mutual covenants, agreements and undertakings set forth herein, the receipt, adequacy and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree to a full and complete settlement of the Litigation on the following terms and conditions, as follows:

1. **Settlement Payment**. In exchange for Plaintiffs' promises as described in this Agreement, this matter is fully and completely settled with payment by Romeoville Beef on behalf of all Defendants to Plaintiffs in the total amount of $127,670.50 (One Hundred Twenty-Seven Thousand Six Hundred Seventy and 50/100 Dollars) ("the Settlement Amount") to be made on or before July 8, 2022, or within 5 business days after the Court grants the parties' joint motion for approval of this Agreement and dismisses the case, whichever is later, and with payment to be made in the form of checks made payable as follows and delivered to Plaintiffs' counsel, Nolan Law Office, 53 West Jackson Blvd. Suite 1137, Chicago, Illinois:

    a. **Payments to Plaintiffs**: Two checks shall be issued to each Plaintiff; the first check shall be allocated for tax purposes to be "back pay", and the second check shall be allocated as non-wage "liquidated" damages:

    **Back Pay** – Checks shall be issued to Plaintiffs in the following gross amounts, less applicable payroll taxes including a federal tax rate capped at ten percent (10%):

    | | |
    |---|---|
    | Rusdael Ramirez Meneses | $2,833.33 |
    | Jose Gaytan Ramirez | $22,166.67 |
    | Cesar Palmerin Rodríguez | $5,000.00 |
    | Hector Calixto Nunez | $8,000.00 |

    Plaintiffs currently have a valid Individual Tax Identification Number and will furnish Employer with an IRS Form W-9 upon execution of this Agreement, except that Plaintiff Rusdael Ramirez Meneses is in the process of applying for a ITIN and will furnish Employer an IRS Form W-9 upon receipt of his T.I.N. Romeoville Beef will issue an IRS Form 1099 to each Former Employee for the above-listed back pay amounts for calendar year 2022.

    **Non-Wage Damages** – Checks shall be issued to Plaintiffs in the following gross amounts for liquidated damages:

    | | |
    |---|---|
    | Rusdael Ramirez Meneses | $2,833.34 |
    | Jose Gaytan Ramirez | $22,166.66 |
    | Cesar Palmerin Rodríguez | $5,000.00 |

                Hector Calixto Nunez          $8,000.00

        Romeoville Beef shall issue an IRS Form 1099 to each Plaintiff for the above-listed non-wage, liquidated damages amounts for calendar year 2022.

  b.  **Payment to Plaintiffs' Counsel**:  One check shall be issued to the Nolan Law Office in the amount of $51,670.50 for attorney's fees and costs.

        Nolan Law Office shall furnish Defendants with an IRS Form W-9 and Romeoville Beef shall issue an IRS Form 1099 to the Nolan Law Office for the above-listed amount for calendar year 2022.

  c.  The above stated Settlement Amount shall fully resolve and satisfy any and all amounts to be paid to Plaintiffs and any Plaintiffs' attorneys' fees and costs, including any statutory attorneys' fees and costs and/or any fees or costs on a contingency or other basis.  Defendants are not required to pay more than this amount under the terms of this Agreement, with the exception of any employer payroll taxes that may be due on the above stated back wage payments to Plaintiffs by Romeoville Beef.

  d.  The portion of the Settlement Payment ($51,670.50) allotted to attorneys' fees and costs shall constitute full satisfaction of any claim for attorneys' fees, expenses, and costs, and Plaintiffs and Plaintiffs' Counsel agree that they shall not seek, nor be entitled to, any additional attorneys' fees, expenses, or costs under any theory or from any source, incurred in relation to the Litigation.  Plaintiff and Plaintiffs' Counsel waive and release any and all claims for additional attorneys' fees and costs related to the Litigation, other than the amount expressly set forth in this Agreement, above.

  e.  None of the amounts paid to Plaintiffs shall create any credit for, be included in, or otherwise affect the calculation or the accrual of any employee benefits in any plans, programs, agreements, or policies sponsored, maintained, or contributed to by Romeoville Beef (or any other Defendant).

**2.**     **Tax Liability.**

The Parties and their Counsel make no representations as to the taxability of any portions of the Settlement Payments to Plaintiffs, the payment of any costs, expenses or award of attorneys' fees, or any payment to Plaintiffs.  Neither Plaintiffs' Counsel nor Defendants' Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

Defendants (and the Releasees) do not make any representations as to the taxability of the amounts paid to any Plaintiff or Plaintiffs' Counsel as settlement payments.  Plaintiffs and Plaintiffs' Counsel agree to pay federal or state taxes, if any, which are required by law to be paid by them with respect to any settlement payments or attorneys' fees and costs.

Plaintiffs agree to indemnify Defendants (and the Releasees) and hold them harmless from any interest, taxes or penalties assessed *against* Defendants (or any Releasee) by any governmental agency as a result of Plaintiffs' non-payment of taxes on any amounts paid to them under the terms of this Agreement.

    **3.**     <u>**Court Approval**</u>.

The Parties will cooperate and take all necessary steps to effectuate prompt judicial approval of the Agreement.

- a. *Binding Agreement*. This Agreement is a binding agreement, subject to Court approval of this Agreement, and contains all material agreed-upon terms for the Parties to seek a full and final settlement and dismissal of the Litigation, ultimately with prejudice.

- b. *Motion for Court Approval of Settlement*. On or before June 24, 2022 the Parties agree that Defendants will file the Parties' Joint Motion for Court Approval of Settlement and Dismissal of Complaint with the Court.

- c. *Entry of Order Approving Settlement and Dismissing Litigation*. If this Agreement is approved by the Court, a final order approving settlement shall be entered as follows:
    - i. Approving the settlement and the Agreement including the agreed award of attorneys' fees and costs, as fair, reasonable, and adequate;
    - j. Declaring the Agreement to be binding on the Parties, including the releases contained herein;
    - k. Dismissing the Litigation (initially without prejudice and converting to a dismissal with prejudice, if no motion is filed, on the 28th day following the entry of the Court's order);
    - l. Each party to bear their own attorneys' fees, expenses, and costs unless otherwise expressly covered by the Agreement.
    - m. Awarding no further amounts, fees, or costs, subject to Section 4. b. below (regarding any subsequent enforcement litigation).

The Parties understand and expressly agree that this Agreement and payment of the Settlement Amount is wholly contingent on the Court approving the Agreement. If, for any reason, the Court denies the Parties' joint motion for approval, Defendants will not be required to pay the Settlement Amount and this Agreement will be void and shall have no force or effect and that in the event of non-approval by the Court Plaintiffs may resume prosecuting any and all claims asserted in the Litigation.

    **4.**     <u>**Dismissal, General Release of Claims and Affirmations, and Covenant Not To Sue**</u>.

- a. *Dismissal of the Federal Lawsuit*. Conditioned upon and by the operation of the Court's granting of the Joint Motion for Approval and Dismissal, and in exchange

4

      for the monetary consideration recited in this Agreement, Plaintiffs and on behalf of themselves and their spouses, children, heirs, representatives, executors, administrators, beneficiaries, conservators, attorneys, representatives, and/or assigns, hereby agree to dismiss the Litigation (as well as any other lawsuit they have pending with respect to a claim for allegedly owed wages, overtime pay, and/or any other pay or renumeration against any Defendant or any Releasee) initially without prejudice and converting to a dismissal with prejudice 28 days after the Court grants the parties Joint Motion for Approval and Dismissal.

b.    *Release of Claims by Plaintiffs*. In consideration of and subject to receipt by Plaintiffs of the payments as required by this Agreement, and for other undertakings provided for in this Agreement, Plaintiffs on behalf of themselves and their spouses, children, heirs, representatives, executors, administrators, beneficiaries, conservators, attorneys, representatives, and/or assigns, do hereby absolutely, unconditionally and irrevocably, forever waive, release and discharge Romeoville Beef, LLC, Michael Motto, Matthew Motto, and Laura Hooten, and their affiliates, parents, agents, directors, officers, employees, owners, members, representatives, successors, assigns, attorneys, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs), heirs, representatives, executors, legatees, and any other persons acting by, through, under, or in concert with any of the persons or entities described herein, and their successors (hereinafter, "Releasees") to the fullest extent possible from any and all wage and hour claims that accrued while employed by or working at Romeoville Beef (or Defendants) relating back to the full extent of the applicable statute of limitations and continuing through the entry of approval of this Agreement and dismissal of the Litigation, whether known or unknown, including, any and all claims for unpaid wages and/or unpaid overtime wages (whether based upon statutes, ordinances, regulations, federal law, state law, local or municipal law, contract, tort, and/or common law). This release and waiver of claims also includes all claims for any relief or damages, including but not limited to claims for actual, compensatory, or punitive damages, back pay, front pay, unpaid wages, unpaid overtime, liquidated damages, fines or penalties, reinstatement, prejudgment interest, interest, costs, attorneys' fees, expenses, and injunctive or declaratory relief. This release specifically includes a release of any and all claims relating to allegedly unpaid wages and/or overtime and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*, the Illinois Minimum Wage Law, and/or any other applicable federal or state wage and hour law, irrespective of whether such claims were asserted in the Litigation. The release specifically includes a release of any and all claims that were asserted or could have been asserted in the Litigation.

      In addition, conditioned upon and by the operation of the Court's approval of this Agreement and dismissal of the Litigation, and in exchange for the monetary consideration recited in this Agreement, Plaintiffs, on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and/or assigns,

5

unconditionally release, waive, remise, and forever discharge Defendants and the Releasees of and from any and all legally waivable causes of action, suits, debts, charges, complaints, liabilities, obligations, controversies, claims, actions, suits, debts, obligations, covenants, warranties, undertakings, promises, agreements, representations, demands, attorney's fees, costs and expenses, damages, of any kind, nature or description whatsoever, whether in law or in equity, known or unknown, liquidated or unliquidated, which Plaintiffs ever had, may have had, now have, or may ever have in the future, for, based upon, arising from or out of, any event, fact, transaction, occurrence, matter, cause or thing whatsoever occurring prior to the date of this Agreement which they had or now have against Defendants or any of the Releasees, including but not limited to related to or arising from the facts alleged in the Litigation and/or their employment with Romeoville Beef (or Defendants) from the beginning of time and continuing through the entry of approval of this Agreement and dismissal of the Litigation whether under local, state, or federal law. Without limiting the preceding, this release includes claims arising out of, or related to, Plaintiffs' employment or relationship with Defendants and/or any of the Releasees and/or the separation of their employment or relationship, whether based upon statutes, ordinances, regulations, federal law, state law, local or municipal law, contract, tort, and/or common law. This release includes, but is not limited to, claims alleging any alleged unlawful act, as well as any other claim or cause of action alleging, including without limitation, claims alleging unpaid wages, untimely payment of wages, any claims related to any employee benefits, breach of an express or implied contract, quantum meruit, unjust enrichment, theft of services, fraud, fraud by nondisclosure, negligence (including negligent misrepresentation and negligent hiring, training, or supervision), civil conspiracy, breach of the duty of good faith and fair dealing, harassment, discrimination, hostile work environment, retaliation, wrongful termination, intentional infliction of emotional distress, breach of fiduciary duty, misrepresentation, defamation, slander, or for violation of the state or federal Constitutions or any applicable local or municipal, state and federal labor and employment laws, and regulations, including but not limited to the Equal Pay Act of 1963, the Fair Labor Standards Act (FLSA), the Portal to Portal Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Pregnancy Discrimination Act, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, the Older Worker Benefits Protection Act, the Americans with Disabilities Act of 1990, the Genetic Information Nondiscrimination Act of 2008, and any other employee-protection law (local, state or federal) of any jurisdiction that might apply. This release and waiver of claims also includes all claims for any relief or damages, including but not limited to claims for actual, compensatory, or punitive damages, back pay, front pay, unpaid wages, unpaid overtime, liquidated damages, reinstatement, fines or penalties, prejudgment interest, costs, expenses, attorneys' fees, and injunctive or declaratory relief whether under federal, state, or local law. The release specifically includes a release of any and all claims that were asserted or could have been asserted in the Litigation.

Notwithstanding the provisions of the Agreement, nothing herein shall be construed as a release of the Parties' obligations under this Agreement of any claim or right that controlling law clearly states that may not be released or waived. To the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Defendant or any other Releasee identified in this Agreement is a party.

Plaintiffs covenant and agree not to pursue, commence, file or prosecute any claim, action, suit, demand or proceeding regarding the claims and matters settled and released herein and that this Agreement is and shall be a bar to any such claim, action, suit, demand or proceeding; provided, however, any Party hereto may commence or initiate an action or proceeding to enforce this Agreement and the prevailing Party in any such action or proceeding shall recover from the non-prevailing Party his, her or its reasonable attorney's fees, costs and expenses incurred in any such action or proceeding.

c. Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before the EEOC, NLRB, or a similar agency enforcing federal, state, or local anti-discrimination laws, to the extent that such right to file is not subject to waiver. However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made to such an anti-discrimination or other agency, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

5. **SPECIFIC RELEASE OF ADEA CLAIMS AND REVOCATION PERIOD/ATTORNEY CONSULTATION.**

In further consideration of the payments and benefits provided to Plaintiffs in this Agreement, Plaintiffs on behalf of themselves and their spouse, heirs, executors, administrators, representatives, and/or assigns, unconditionally release, waive, remise, and forever discharge Defendants and the Releasees irrevocably and unconditionally from any and all claims or causes of action, whether known or unknown, from the beginning of time through the date of Plaintiffs' execution of this Agreement arising under the Age Discrimination in Employment Act (ADEA) as amended, its implementing regulations, and/or the Older Workers Benefit Protection Act.

By signing this Agreement, Plaintiffs hereby acknowledge and confirm that:

a. they have read this Agreement in its entirety and understand all of its terms;
b. by this Agreement, Plaintiffs have been advised in writing to consult with an attorney of their choosing and have consulted with such counsel before signing this Agreement, who represented them during litigation and in negotiation of this Agreement;

7

    c. they knowingly, freely, and voluntarily agree to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained in it;

    d. they are signing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which they are otherwise entitled;

    e. they were given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of their choice, and agree any changes to this Agreement, whether material or immaterial, do not restart the running of the 21-day period;

    f. Plaintiffs also agree that they have had at least 21 days to consider signing this Agreement but have consulted with their attorney and voluntarily waive the 21 days to consider signing this Agreement, by signing sooner;

    g. they understand that they have seven (7) days after signing this Agreement to revoke the release in this paragraph by delivering notice of revocation to Defendants' counsel set forth in Notices paragraph below via email and overnight mail before the end of this seven-day period; and

    h. they understand that the ADEA release contained in this paragraph does not apply to rights and claims that may arise after they sign this Agreement.

Plaintiff Rusdael Ramirez Meneses affirms that although he is being provided the above protections consistent with all Plaintiffs, he is under age 40 at the time of signing this Agreement.

    **6.**     <u>**Agreement Regarding Future Employment.**</u>

Plaintiffs agree not to seek or accept reemployment or work with Defendants (in any corporate or individual capacity) or any of the Releasees, and hereby waive any such claims. Plaintiffs agree that Defendants and the Releasees shall have no obligation to engage their services in any capacity (e.g., employee, contractor, temporary worker or employee, or consultant), individually or collectively, in the future and that any application or request for employment or work legitimately and lawfully may be denied solely on the basis of their breach of this provision of the Agreement. Plaintiffs acknowledge and agree that Defendants and the Releasees have no obligation to hire or rehire them, as a result of this negotiated settlement for which they received sufficient consideration.

Plaintiffs agree that if they become employed by a Defendant or a Releasee or work for a Defendant or a Releasee without having obtained a written waiver of this provision by Michael Motto, they will resign employment with the Defendant or the Releasee when asked to do so by Motto.

Plaintiffs agree that if any Defendant or any Releasee declines to hire, rehire, or employ them in any capacity or position, they shall not be liable for any damages, including monetary damages.

Plaintiffs acknowledge that waiver of any such claims, including failure to hire or rehire, is contemplated by this Agreement and acknowledge that any such action is not retaliatory but rather part of a negotiated settlement for which they received sufficient consideration.

**7.** **Notices.**

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, and email, addressed as follows:

| To Plaintiff: | To Defendant: |
|---|---|
| Nolan Law Office | Koehler Dinkel LLC |
| c/o Tim Nolan | c/o Stephanie M. Dinkel |
| 53 W. Jackson Blvd., Ste. 1137 | 900 S. Frontage Rd. Suite 300 |
| Chicago, IL 60604 | Woodridge, IL 60517 |
| Phone: (312) 322-1100 | Phone: (630) 505-9939 |
| Email: ctnolan@nolanwagelaw.com | Email: sdinkel@kdllclaw.com |

**8.** **No Admission of Liability**.

The Parties understand, represent and warrant that this Agreement is a full and final compromise of disputed claims and not an admission of wrongdoing or liability by or on behalf of any Party to this Agreement. It is understood that Defendants specifically deny any liability whatsoever for any alleged violation.

Defendants deny all of the allegations made by Plaintiffs in the Litigation and deny that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation.  Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants agree to settle the Litigation on the terms and conditions set forth in this Agreement. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by Defendants.

Plaintiffs agree and acknowledge that this Agreement is not, and shall not be alleged by them, or construed by anyone, to be an admission of any violation of any federal, state, or local statute, ordinance, or regulation, of the common law of any jurisdiction, of any duty owed by Defendants and/or the Releasees to Plaintiffs, or of any wrongdoing by Defendants and/or the Releasees whatsoever and that the sole purpose of this Agreement is to avoid the cost of further litigation.

**9.** **Non-Disparagement**.  The Parties agree not to disparage one another, and will not make or publish, in verbal, written or any other form including all forms of social media, any disparaging remarks or negative comments to any third party, nor will they knowingly encourage or assist any third party to make such disparaging remarks or negative comments regarding, concerning, or alluding in any manner, one another.

9

Plaintiffs and Plaintiffs' Counsel acknowledge and agree not to post on any social or other media the terms of this Agreement or initiate contact with the media about the terms of this Agreement, the negotiations leading up to this Agreement, or the claims and defenses asserted in the Litigation. Further, it is understood and agreed that upon any inquiries, to inform the inquirers that the Litigation and all disputes by and among the Parties have been settled and compromised to the mutual satisfaction of the Parties.

**10. Complete Agreement and Integration**. This Agreement sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Agreement. The Parties understand and agree that all of the terms and promises of the Agreement are contractual, material and not a mere recital. This Agreement supersedes any and all prior agreements, understandings and communications between the Parties.

Plaintiffs and Plaintiffs' Counsel acknowledge that neither Defendants (nor the Releasees) nor their agents or attorneys made any promise, representation, or warranty whatsoever, either express or implied, written or oral, other than the express written representations in the Agreement. Plaintiffs understand that this Agreement (and its terms) are final and binding when it is executed, and further agree not to challenge or object to the Agreement's enforceability, or the enforceability of any of its terms, thereafter subject to Court approval of this Agreement.

**11. Parties' Agreement Regarding Non-Admissibility in Any Other Proceeding**. Nothing in this Agreement, nor any action taken in implementation thereof, nor any statements, discussions, or communications exchanged in negotiations leading to the Agreement, are intended by the Parties to, nor shall they, constitute, be introduced, be used, or be admissible in any way in other action, or in any other judicial, arbitral, administrative, investigative, or other proceeding whatsoever kind or nature as evidence of any violation of the common law of any jurisdiction; any federal, state, or local law, statute, ordinance, regulation, rule or executive order; or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used by the Parties in any proceeding to enforce the Agreement or in defense of all claims released or barred by this Agreement.

**12. Continuing Jurisdiction**. The Court shall retain jurisdiction over the interpretation, and implementation and enforcement of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation or enforcement of this Agreement and of the Settlement contemplated thereby.

**13. Miscellaneous.**

a. All Parties have cooperated in the drafting and preparation of this Agreement. In any construction to be made of this Agreement, the same shall not be construed against any Party.

b. Each Party shall bear his, her or its own costs, expenses and attorneys' fees in connection with the Litigation and this Agreement, except as otherwise set forth in this Agreement.

c. Each Party hereto acknowledges that he, she or it has been represented by and consulted with his, her, or its attorneys in connection herewith and that he, she or it has read, understands and intends to be bound by this Agreement and all terms and conditions contained herein. To the extent the Illinois Workplace Transparent Act applies to this Agreement, Plaintiffs also agree that they have had at least 21 days to consider signing this Agreement but have consulted with their attorney and voluntarily waive the 21 days to consider signing this Agreement.

d. This Agreement is and shall be binding upon and inure to the benefit of the Parties hereto and their respective affiliates, successors, heirs and assigns.

e. Each person executing this Agreement on behalf of Romeoville Beef, LLC represents and warrants that he or she has received all necessary power and authority to do so.

f. The validity, construction, interpretation, effect, and enforceability of this Agreement shall be governed by the laws of the State of Illinois without regard to conflicts of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

g. Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim nor any portion thereof or interest therein, including, but not limited to, any interest in the Litigation and any attempt to do so shall be of no force or effect.

h. This Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of the other Parties and all of which taken together shall constitute one and the same Agreement.

i. Any Party may execute this Agreement by signing or by e-signature on the designated signature block below and transmitting that signature page via facsimile, e-mail, or other electronic means to counsel for the other Party. Any signature made and transmitted by facsimile, e-signature, or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile, e-signature, or e-mail.

j. This Agreement shall not be amended, modified, or changed except by a writing signed by all Parties.

k. The Parties agree that if any part of this Agreement is held by a court of competent jurisdiction to be invalid, illegal, or incapable of being enforced in whole or in part by reason of any rule of law or public policy, such part shall be deemed to be severed from the remainder of this Agreement, and all other provisions of this Agreement shall in every other respect continue in full force and effect.

l.  Plaintiffs agree and confirm that they were provided a translator selected by their counsel to assist with translation of the Agreement from English to Spanish. By signing below, Plaintiffs agree and confirm that they were provided an opportunity ask questions regarding the Agreement, that they understand every provision of the Agreement, and intend to be legally bound to the Agreement.

14.  **Acknowledgement**. The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to understand. The parties further state and declare that they do fully understand its terms, conditions and contents, including all rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement. Further, each Party agrees, states and declares that he, she or it has had the full opportunity to investigate all matters pertaining to any claim or defense in connection with the Litigation and in connection with the settlement of the Litigation.

**IN WITNESS WHEREOF**, and intending to be legally bound by this Agreement, the Parties hereto have caused this Agreement to be executed as of the date indicated below:

Agreed:

Romeoville Beef, LLC

By: *[signature]*

Its: MEMBER

Dated: June 20, 2022

Michael Motto

By: *[signature]*

Dated: June 20, 2022

Matthew Motto

By: *[signature]*

Dated: June 20, 2022

~~Laura Hooten~~ Laura Hooton

By: *[signature]*

Dated: June 22, 2022

my Last name was misspelled in the caption of the lawsuit as Hooten, the correct spelling is Hooton

12


Rusdael Ramirez Meneses

By: RUSDAEL RAMIREZ MENESES

Dated: June 20, 2022

Jose Gaytan Ramirez

By: _____

Dated: June 22, 2022

Cesar Palmerin Rodriguez

By: _____

Dated: June 23, 2022

Hector Calixto Nunez

By: Hector Calixto

Dated: June 23, 2022

### TRANSLATOR CERTIFICATE

I, Axel Estrada, hereby certify that I orally translated the attached Confidential Settlement Agreement and Release from the English language to the Spanish language for Rusdael Ramirez Meneses, Jose Gaytan Ramirez, Cesar Palmerin Rodriguez and Hector Calixto Nunez. I also certify that I am competent to translate this document and that the translation provided is true and accurate, to the best of my abilities.

_____
Axel Estrada
Dated: June 23, 2022

13